UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TRINA JOHNSON                                                                              PETITIONER

V.                                                        CIVIL ACTION NO.1:08CV270-SA-JAD

MARGARET BINGHAM, et al.                                                              RESPONDENTS

REPORT AND RECOMMENDATION

The respondents have moved to dismiss the petition in this case as untimely filed (Doc. 7). The petitioner has not filed a response.

28 U.S.C. 2244(d) provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
 (B) the date on which the impediment to filing a application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection

Generally with very limited exceptions, a petition for federal habeas corpus must be filed within one year of the date the judgment of conviction becomes final, with the running of the statute tolled during the pendency of properly filed state post conviction proceedings.

Trina Johnson pled guilty to two counts of the stale of a controlled substance in the Circuit Court of Lowndes County, Mississippi on August 17, 2004 and was sentenced the same day. In

accordance with Mississippi case law which allows thirty days for a direct appeal of an illegal sentence following a guilty plea, her judgment of conviction became final thirty days later. In the absence of a properly filed state post-conviction pleading, her federal statute of limitations expired on September 16, 2005. The state court records reflect no filing within the one year period ending on September 16, 2005.

For her part, the petitioner candidly admits the petition is not timely, but pleads that she has not been represented by counsel in preparing the challenges to her conviction and sentence and her personal ignorance of the AEDPA period of limitations. The petitioner has no right to be represented in post conviction proceedings, *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S. Ct. 2546, 115 L. Ed.2d 640 (1991). Research materials, including a first step packet which explains the federal time limits, is available on request to every inmate with the Mississippi Department of Corrections through the Inmate Legal Assistance Program(ILAP). Every inmate is advised of the existence of ILAP and how to request assistance from ILAP. *Neal v. Bradley,* 2006 WL 2796404 (N. D.Miss. September 25, 2006). The petitioner's failure to research this issue on a timely basis and her resulting ignorance of the law are no excuse.

The undersigned recommends that the petition be dismissed with prejudice as untimely.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the

proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 30th day of June, 2008.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE